IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31444
Summary Calendar
_____

FLORENCE JOY SURKAND,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3175-C
--------------------
September 30, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Florence J. Surkand appeals the district court's dismissal of her 42 U.S.C. § 405(g) complaint seeking review of the denial of disability benefits. Surkand challenges the determination of the Administrative Law Judge ("ALJ") that she had transferable skills.

This court's review of the Commissioner's decision "is limited to determining whether that decision is supported by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial evidence and whether the proper legal standards were applied." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

For individuals of "advanced age" with impairments limiting them to sedentary or light work, the Commissioner must show that the individual acquired skills in his past work that are transferable to skilled or semiskilled work. See 20 C.F.R. § 404.1568(d)(4); 20 C.F.R. § 404, Subpart P, App. 2, Rules 201-02 (Table No. 1). A claimant has transferable skills "when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. § 404.1568(d)(1).

The vocational expert (VE) considered the "extensive use of the telephone, [and] being able to interact with individuals on the telephone" as skills from Surkand's prior work that were transferable to a job as an appointment clerk or receptionist. He additionally testified that the adjustment to such positions would not be difficult for Surkand because the positions would require a "more restricted use of [her] prior skill." Based on this testimony, the ALJ "concluded that considering Ms. Surkand's age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work which exists in significant numbers in the national economy." The ALJ's findings comport with the applicable regulations and are supported by substantial evidence.

See 20 C.F.R. § 404.1568(d); Vaughan v. Shalala, 58 F.3d 129, 132 (5th Cir. 1995).

Surkand argues, however, that the ALJ was also required to determine that the skill provides "an advantage so meaningful that it outweighs [her] adversities in RFC, age, and/or education when competing in the labor market." Surkand's argument is without merit. Social Security Ruling 82-41 and the training guide issued by the Regional Commissioner in Atlanta, upon which Surkand's argument is based, do not impose such a requirement on the ALJ.

Although Surkand also challenges the VE's determination, adopted by the ALJ, that her ability "to interact with individuals on the telephone," is a skill, she fails to brief this issue on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Therefore, the issue is deemed abandoned.

Based on the foregoing, the judgment of the district court is AFFIRMED.